# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 10, 2011

Lyle W. Cayce
Clerk

No. 10-50572
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVERARDO SALAZAR-PERALTA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1253-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Everardo Salazar-Peralta appeals his 70-month sentence for being illegally present in the United States following removal. Salazar challenges the substantive reasonableness of his within-guidelines sentence, arguing that it is greater than necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a) and does not adequately account for his personal history and characteristics, and that the Del Rio Division of the Western District of Texas does not offer a "fast-track" program that would have made him eligible for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

more lenient sentence.  He contends that his sentence is not entitled to a presumption of reasonableness because the illegal reentry Guideline, U.S.S.G. § 2L1.2, lacks an empirical basis, and he argues that § 2L1.2 essentially double counts a defendant's prior conviction in establishing his offense level and criminal history score.

We review the substantive reasonableness of Salazar's sentence for an abuse of discretion.  *United States v. Delgado-Martinez*, 564 F.3d 750, 751-53 (5th Cir. 2009).   As Salazar concedes, his "fast-track" and empirical data arguments are foreclosed by our precedent. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008) (challenging lack of "fast-track" program); *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009) (challenging lack of empirical support for § 2L1.2).   Salazar's disagreement with the district court's balancing of the § 3553(a) factors is insufficient to show error in connection with his sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).   He has not established that his within-guidelines sentence is unreasonable or that it should not be accorded a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.